UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES ANTHONY WILLIAMS,<br><br>　　　　　　　Plaintiff,<br>　　v.<br>RYAN QUIRK, *et al.*,<br><br>　　　　　　　Defendants. | CASE NO. 3:24-cv-06018-JLR-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: January 21, 2025 |

Plaintiff James Anthony Williams, proceeding *pro se*, initiated this action by filing a proposed civil rights complaint under 42 U.S.C. § 1983. Dkts. 1-2. Plaintiff has also filed a motion to proceed *in forma pauperis* ("IFP"). Dkt. 1. However, Plaintiff has incurred at least three "strikes" under 28 U.S.C. § 1915(g) and is, therefore, ineligible to proceed in this action without prepayment of fees. Thus, the undersigned recommends the IFP motion (Dkt. 1) be denied and Plaintiff be required to pay the $405.00 filing fee before proceeding in this action.

**I.　　Background**

Plaintiff, who is currently incarcerated at Coyote Ridge Corrections Center ("CRCC"), filed this prisoner civil rights action concerning the conditions of confinement at Washington Corrections Center ("WCC"). Dkt. 1-2 at 10–19. Plaintiff alleges the conditions at WCC violated

REPORT AND RECOMMENDATION - 1

the Eighth Amendment to the United States Constitution in two ways: (1) by housing Plaintiff in an unhygienic and uncomfortable cell for two to four days and (2) by denying Plaintiff adequate food and water for four to five days at a time. *Id.* Plaintiff seeks $2.1 million in compensatory damages and injunctive relief requiring his release from long-term solitary confinement. *Id.* at 26.

## II.     Screening Standard

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915, governs IFP proceedings. Under § 1915(a), a district court may waive the filing fee for civil complaints by granting IFP status to individuals unable to afford the fee. *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). "To address concerns that prisoners proceeding IFP were burdening the federal courts with frivolous lawsuits, the PLRA altered the IFP provisions for prisoners in an effort to discourage such suits." *Id.* (citing *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001)). Indigent prisoners may still apply for and obtain IFP status, but § 1915(b) states prisoners proceeding IFP must pay the filing fee when funds become available in their prison accounts. 28 U.S.C. §1915(b); *Cervantes*, 493 F.3d at 1051.

"Additionally, prisoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three-strikes rule." *Cervantes*, 493 F.3d at 1051–52. The "three-strikes rule" contained in § 1915(g) of the PLRA states:

> In no event shall a prisoner bring a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The three-strikes rule does not distinguish between dismissals with prejudice, dismissals without prejudice, actions dismissed on the merits, or actions dismissed pursuant to the statute's screening provisions. *O'Neal v. Price*, 531 F.3d 1146, 1154–55 (9th Cir. 2008). Thus, when an

REPORT AND RECOMMENDATION - 2

IFP motion or application is rejected pursuant to the screening provisions of 28 U.S.C. § 1915(e) and the action dismissed, the dismissal counts as a "strike." *Id.* at 1155.

Here, the records of this Court and of the United States District Court for the Eastern District of Washington show Plaintiff previously filed more than forty prisoner civil rights actions while incarcerated. Of those actions, at least three were dismissed for failure to state a claim upon which relief may be granted. Thus, the following prior dismissals constitute "strikes" pursuant to section 1915(g):

1. *Williams v. Karen Portine, et al.,* No. 2:11-cv-01214-JCC (W.D. Wash. judgment entered Feb. 13, 2012);

2. *Williams v. Neely, et al.*, No. 2:15-cv-00489-BJR (W.D. Wash. judgment entered Oct. 13, 2015);

3. *Williams v. Collins, et al.,* No. 2:15-cv-00735-MJP (W.D. Wash. judgment entered Sep. 23, 2015).

This Court and the Eastern District of Washington previously determined that these and other cases are strikes for purposes of § 1915(g) and denied Plaintiff IFP status as a three-strikes litigant. *See Williams v. Holbrook, et al*., No. 4:16-cv-5086-SAB (E.D. Wash. judgment entered Sep. 1, 2016); *Williams v. Sinclair, et al*., No. 3:19-cv-05185-RBL (W.D. Wash. dismissed on Jun. 21, 2019); *Williams v. Sinclair, et al*., No. 2:19-cv-345-JCC (W.D. Wash. judgment entered Jul. 24, 2019); *Williams v. Sinclair, et al.*, No. 3:21-cv-05347-RSM (W.D. Wash. judgment entered Jul. 6, 2021).

Because Plaintiff has incurred at least three "strikes," he is barred from proceeding IFP unless he shows he was "under imminent danger of serious physical injury" at the time he filed his proposed complaint. *See* 28 U.S.C. § 1915(g). Plaintiff does not make such a showing. The allegations in the proposed complaint relate to the conditions of confinement at WCC. Assuming the alleged conditions satisfied the imminent danger requirement, Plaintiff is currently confined

REPORT AND RECOMMENDATION - 3

at CRCC and no longer confined at WCC, and thus he would no longer be under imminent danger of serious physical injury.

Plaintiff states that he is in the process of exhausting administrative remedies regarding similar conditions of confinement at CRCC, which is his current place of confinement. Dkt. 1-2 at 20–25. He states he intends to seek leave to amend his complaint to add those claims once they are exhausted. *Id.* at 9. The fact that Plaintiff may, at some future date, attempt to add to this case additional claims related to his current confinement does not alter the analysis here. The imminent danger requirement is satisfied based only on the claims actually before the Court. Moreover, seeking to amend a complaint with unexhausted claims has not been reviewed favorably by the Ninth Circuit. *See Jackson v. Fong*, 870 F.3d 928, 936 (9th Cir. 2017) ("A district court, however, need not give leave to amend a complaint where a plaintiff [with previously unexhausted claims] appears to be gaming the courts,"); *see also Saddozai v. Davis*, 35 F.4th 705, 709 (9th Cir. 2022) ("It would be a gamble to knowingly file a complaint before exhaustion, hoping that the prison completes its multi-step administrative review process all before the district court screens the complaint as soon as is practicable after docketing.") (internal quotations omitted).

As Plaintiff has incurred at least three strikes and failed to show he is under immediate danger of serious physical injury, the undersigned recommends the IFP motion (Dkt. 1) be denied and that Plaintiff be required to pay the filing fee before he may proceed in this case.

**III.   Conclusion**

For the stated reasons, the undersigned finds Plaintiff has incurred at least three "strikes" and is barred from proceeding without prepayment of fees under 28 U.S.C. § 1915(g). It is therefore recommended the IFP motion be denied and Plaintiff be directed to pay the $405.00 filing fee within 30 days of the adoption of this Report and Recommendation. If Plaintiff fails to

REPORT AND RECOMMENDATION - 4

pay the filing fee by the court-imposed deadline, it is further recommended this action be dismissed without prejudice.

Objections to this Report and Recommendation, if any, should be filed with the Clerk not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **January 21, 2025**.

Dated this 3rd day of January, 2025.

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5